## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DAYSHA BLOUNT**                                      **CIVIL ACTION**

**VERSUS**

                                                       **NO. 20-582-SDD-RLB**

**CARMAX AUTO FINANCE**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 9, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DAYSHA BLOUNT**                                              **CIVIL ACTION**

**VERSUS**
                                                               **NO. 20-582-SDD-RLB**
**CARMAX AUTO FINANCE**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATON

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim on Which Relief Can Be Granted ("Motion to Dismiss") filed on April 20, 2021. (R. Doc. 13). The deadline to file an opposition has expired. LR 7(f). Accordingly, the instant motion is unopposed.

## I.     Background

On September 2, 2020, Daysha Blount ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, commenced this action against CarMax Business Services, LLC d/b/a CarMax Auto Finance ("CarMax Auto Finance" or "Defendant") for alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). (R. Doc. 1). Plaintiff is seeking recovery of "$350,000, the title of [her] car lien free, an apology, and lifetime warranty of the vehicle." (R. Doc. 1 at 4-5). Without any elaboration, Plaintiff alleges that CarMax Auto Finance has violated various sections of the FDCPA. (R. Doc. 1 at 5). Plaintiff has attached various documents to her Complaint that shed some light on the underlying dispute. (R. Docs. 1-1; 1-4).

On May 23, 2020, Plaintiff entered into a Retail Installment Contract with CarMax Auto Superstores, Inc. ("CarMax Auto Superstores") for the purchase of a used 2017 Infinity Q60 in exchange for the total cash price of $30,912.81, made a $2,000 down payment, and financed the remaining balance and additional charges of $31,409.31 at a yearly rate of 14.45% (72 payments

in the amount of $658.75 for a total of $47,430.00). (R. Doc. 1-1 at 12). That same day, CarMax Auto Superstores assigned the Retail Installment Contract to the defendant in this action, CarMax Auto Finance. (R. Doc. 1-1 at 15). Consistent with the foregoing payment plan, Plaintiff received an invoice from CarMax Auto Finance for $658.75 due on July 7, 2020. (R. Doc. 1-1 at 27).

In response to Plaintiff's request for debt validation, CarMax Auto Finance sent Plaintiff a copy of her Account Payment History and the Retail Installment Contact on June 29, 2020, and July 2, 2020. (R. Doc. 1-1 at 22-27).

On July 8, 2020, Plaintiff issued her own "invoice" to CarMax Auto Finance on July 8, 2020, seeking payment of $34,000.00 for alleged violations of the FDCPA and title of the car and lifetime maintenance. (R. Doc. 1-1 at 30). Plaintiff also executed an affidavit dated July 10, 2020, asserting that CarMax Auto Finance had violated various sections of the FDCPA. (R. Doc. 1-1 at 17-21). CarMax Auto Finance received these documents on or about July 16, 2020. (*See* R. Doc. 1-1 at 17-30).

On July 30, 2020, Plaintiff mailed a letter to CarMax Auto Finance asserting that it was in "default" for not rebutting Plaintiff's affidavit and provided it with an "opportunity to cure" this alleged default. (R. Doc. 1-1 at 57-58, 76-77). Plaintiff also submitted a second "invoice" seeking an additional $5,000 for violations of the FDCPA. (R. Doc. 1-1 at 75).

Prior to filing the instant lawsuit, Plaintiff submitted complaints to the Consumer Financial Protection Bureau with respect to her debt. (R. Doc. 1-1 at 31-35, 78-81). CarMax Auto Finance responded to these complaints. (R. Doc. 1-1 at 51, 82).

CarMax Auto Finance now seeks dismissal of the action because it is not a "debt collector" as defined by the FDCPA. (R. Doc. 13).

II.     **Law and Analysis**

A.     **Legal Standards for Motion to Dismiss**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro se plaintiff's] allegations and briefs more permissively"). Furthermore, in most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs are generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny

3

leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

### B.    Analysis

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Debt collectors who fail to comply with the FDCPA are subject to civil liability. 15 U.S.C. § 1692k. In order to prevail in a civil action brought under the FDCPA, the plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995). A violation of the FDCPA subjects a debt collector to liability for actual damages, additional damages up to $1,000, and incurred costs and attorneys' fees. 15 U.S.C. § 1692k(a). It is clear from the statute that Congress intended the FDCPA to have a broad remedial purpose. *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2017). For this reason, the FDCPA has been construed broadly and in favor of the consumer. *Id.*

The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include:

> [A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

4

15 U.S.C. § 1692a(6)(G). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (citing S.Rep. No. 95–382, 95th Cong., 1st Sess. 3, *reprinted in* 1977 U.S. Code Cong. & Ad. News 1695, 1698; *Kizer v. Finance America Credit Corp.*, 454 F. Supp. 937, 939 (N.D. Miss. 1978)). Accordingly, a plaintiff seeking relief under the FDCPA fails to state a claim against a defendant-creditor, which is not a "debt collector" under the FDCPA, and such claims are subject to dismissal with prejudice. *See Richard v. Santander Consumer USA, Inc.*, No. 11-643, 2011 WL 6202238, at *3 (N.D. Tex. Dec. 13, 2011); *Watts v. Wells Fargo Dealer Servs., Inc.*, No. 15-02250, 2017 WL 2289111, at *3 (N.D. Ala. May 25, 2017).

Here, CarMax Auto Finance does not meet the definition of "debt collector" as provided under the FDCPA. On the same day the Retail Installment Contract was executed between Plaintiff and CarMax Auto Superstores, the debt was also assigned to CarMax Auto Finance. (R. Doc. 1-1 at 12, 15). Plaintiff was not in default when the debt was assigned and, accordingly, CarMax Auto Finance does not qualify as a debt collector. 15 U.S.C. § 1692a(6). By attempting to collect on a debt that it owns and that is owed to it by Plaintiff, CarMax Auto Finance qualifies as a creditor and not a "debt collector," and is therefore not subject to civil liability under the FDCPA. *Watts*, 2017 WL 2289111, at *3 (citations omitted). Therefore, Plaintiff fails to state a claim against CarMax Auto Finance and cannot recover damages from it under the FDCPA.

Finally, having considered Plaintiff's allegations in the Complaint, the Court concludes that any attempt at amendment to state a claim under the FDCPA would be futile, as the defects in Plaintiff's Complaint are incurable.[1]

**III.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (R. Doc. 13) be **GRANTED**, and Plaintiff's claims against CarMax Auto Finance be **DISMISSED WITH PREJUDICE.**

Signed in Baton Rouge, Louisiana, on June 9, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff's failure to file any opposition or response to the instant motion further supports this conclusion.

6